## WILLIAM C. MITCHELL

### v.

## SOLOMAN PLAUT.

*Landlord and Tenant—Recovery of Rent—Landlord's Negligence—Water Pipe—Damages—Evidence.*

1. A landlord is liable to his tenant in possession, for injuries caused by him through negligence in making repairs.

2. In an action brought for the recovery of rent, damages being claimed by the tenant for injury to his stock through a choked water pipe, this court holds that the evidence relating to such injury was improperly excluded.

[Opinion filed January 21, 1889.]

APPEAL from the County Court of Vermillion County; the Hon. D. D. EVANS, Judge, presiding.

Mr. W. R. LAWRENCE, for appellant.

There is an implied covenant in every lease that the tenant shall not injure the premises, and a reciprocal covenant that the landlord shall not do anything to injure the rights of the tenant. United States v. Bostwick, 4 Otto, 66.

Notwithstanding the covenant in this lease upon the part of the lessees that premises were in good condition at beginning of term, yet if they were defective through fault of lessor, and were not noticeable to lessees, and unknown to them, the lessor is liable for the damage resulting from the defective condition of the premises. U. B. Mfg. Co. v. Lindsey, 10. Ill. App. 586.

If the landlord undertakes to repair, and does it in a careless manner, to the injury of tenant, he is liable to damages. 1 Washburn Real Prop. 461; Gill v. Middleton, 105 Mass. 235; Plummer v. Harper, 14 Am. Dec. 343. And he may recoup the damages in an action for the rent. Wright v. Lattin, 38 Ill. 283. And this rule applies when he employs others to do the work which causes the injury. 1 Wash. Real Prop. 540; Robbins v. Chicago, 4 Wall. 657.

In Glick v. Maurer, 75 Ill. 289, the tenant was in control of the first story of the building and the landlord of the second story, and the landlord undertook to repair the roof, whereby the tenant was injured; the landlord was held liable for the damages.

It was a question of fact for the jury to determine whether or not the damage claimed by appellant was caused by the appellee in fixing the roof. It was open to argument as to when and how the down pipe became stopped, which is conceded to have caused the damage. And this being a proper question for the jury, the court erred in withdrawing this portion of the case from it. If the stoppage of the pipe was caused by the negligence of the plaintiff, and was not known by the defendant when he moved into the building, then, we

think, there can be no doubt that the law is on our side.
This was a matter of fact, and the law could not be applied
until it should be determined. C., R. I. & P. R. R. Co.
v. Lewis, 109 Ill. 120; Crowley v. Crowley, 80 Ill. 469; Smith
v. Smith, 50 Ill. 291.

Messrs. PENWELL & LINDLEY, for appellee.

CONGER, J.   This was an action for the recovery of rent,
and resulted in a judgment in favor of appellee for eighty
dollars.

The defense sought to be established was damages to the
stock of goods of appellant, caused, as he claims, by defective
water pipes, whereby the rain from the roof was caused to
leak through the walls of the building, and thence to the
goods in the store room.

After the evidence was in, the court, upon motion of appel-
lee, excluded from the jury all the evidence relating to the
claim of appellant for damages on account of such leakage,
and this is assigned for error.

The written lease contained provisions amply sufficient to
warrant the court in this, provided the leakage was not
caused by the action of appellee, after appellant had taken
possession, in repairing the roof.

While the lease would protect the lessor from liability for
any damages from other causes than his own direct interfer-
ence, still he could not, after the lease was executed and the
lessee had taken possession, by repairing the roof, be the
cause of a leakage, and escape liability.

There was some evidence tending to show that the leakage
was caused by one of the down pipes becoming stopped up
from the carelessness of appellee's workman, while engaged in
repairing the roof.

We express no opinion upon the weight of this evidence,
but hold that it was the right of appellant to have it sub-
mitted to the jury, so they might determine whether the
damage was caused by appellee or his workmen; for in that
case he would be liable to respond for such damages as were

the natural and proximate result thereof, but not otherwise.

For the error in withdrawing this evidence from the jury the judgment of the County Court will be reversed and the cause remanded.

*Reversed and remanded.*